MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
James A. Goeke
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      vs.<br><br>NICHOLAS WILLIAM SOTO,<br><br>              Defendant. | Case No.: 2:14-CR-0110-SMJ<br><br>**UNITED STATES'<br>SENTENCING<br>MEMORANDUM** |

Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney for the Eastern District of Washington, and James A. Goeke, Assistant United States Attorney, submits the following sentencing memorandum:

## I. CONVICTION AND BACKGROUND

The sentencing hearing in this matter is currently set for April 28, 2015 in Spokane, Washington at 1:30 p.m. Defendant NICHOLAS WILLIAM SOTO ("SOTO") faces sentencing following his January 13, 2015 guilty plea to Count Two of the Indictment charging the Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). The Defendant entered his guilty plea pursuant to a written Plea Agreement. The following facts, as set forth

below from the Plea Agreement, constitute the factual basis for the Defendant's conviction:

> On August 8, 2014, Department of Homeland Security Special Agents executed a federal search warrant at Defendant NICHOLAS WILLIAM SOTO's residence in Spokane, Washington.  The search warrant was based on the discovery of a child pornography image posted on a foreign website that depicted a female child approximately 6-10 years old performing oral sex on an adult male.  The child pornography image was posted using a unique internet IP address from the Defendant's residence in Spokane, Washington and was posted to an online account associated with the email address "blackdragon69134@gmail.com".   The federal search warrant authorized the seizure of evidence regarding violations of 18 U.S.C. § 2252A(a)(2) (Receipt and Distribution of Child Pornography); 18 U.S.C. § 2252A(a)(5)(B) (Possession of Child Pornography); and 18 U.S.C. § 2251(a) (Production of Child Pornography).

> During the execution of the search warrant, agents encountered the Defendant, NICHOLAS WILLIAM SOTO, and advised him of his *Miranda* rights. NICHOLAS WILLIAM SOTO acknowledged his rights and agreed to answer questions.  During a recorded interview, NICHOLAS WILLIAM SOTO made the following admissions to Homeland Security Special Agent Rodney Weekes: Special Agent Weekes asked the Defendant why he believed a search warrant was executed at his residence, to which the Defendant replied, probably for the child pornography on his laptop computer.  Special Agent Weekes asked NICHOLAS WILLIAM SOTO to explain, and the Defendant stated that lots of people had been sending him child pornography via the internet.  NICHOLAS WILLIAM SOTO further admitted that he was the sole user of his personal laptop computer, though his girlfriend had used the laptop on a few occasions. NICHOLAS WILLIAM SOTO also stated that he had owned his laptop computer

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

for approximately two to three years. NICHOLAS WILLIAM SOTO stated that he used a secured Windows user profile and password to access the computer, and that only he and his girlfriend knew the Windows user profile password.

When asked to further explain how he had obtained child pornography on his laptop computer, NICHOLAS WILLIAM SOTO stated that people had been sending it to him via email, but that after viewing it he always tried to delete it. The Defendant stated that his email address was "blackdragon69134@gmail.com", the same email address associated with the online account where the child pornography image was posted. The Defendant also stated that he had received child pornography image files from a photo sharing website. Special Agent Weekes asked NICHOLAS WILLIAM SOTO if he had ever uploaded any image files to the website that he had mentioned, to which the Defendant stated that he had uploaded a few images on one occasion but that they were images that he had received from someone else. Special Agent Weekes advised NICHOLAS WILLIAM SOTO that he had seen one image that depicted a minor female conducting oral sex on an adult penis and that he believed, based on clothing discovered in the Defendant's residence, that it was the Defendant's penis in the image. NICHOLAS WILLIAM SOTO then began to cry and state that his life was ruined.

Special Agent Weekes asked NICHOLAS WILLIAM SOTO who was depicted in the image he uploaded to the internet and the Defendant advised agents of the identity of the minor female child. The Defendant also stated that he was depicted in the image in which a minor female was conducting oral sex, but claimed that it was a joke, that it was not his penis in the image but his thumb. When asked again, NICHOLAS WILLIAM SOTO admitted that his penis was depicted in the image. The Defendant explained that on July 26, 2014, two six (6) year old twins stayed at his apartment with he and his

United States' Sentencing Memorandum – 3

girlfriend for a couple of days.  On the night of July 26, 2014, after his girlfriend and brother (who also resides at residence) had gone to bed, NICHOLAS WILLIAM SOTO took photographs of the twins, to include the image of one of the twins conducting oral sex on his penis.  NICHOLAS WILLIAM SOTO claimed that the two (2) minor female children did not know that he took the pictures of them because he did it when they were asleep.  The Defendant also claimed that the minor female child that conducted oral sex on his penis was unaware of what was happening because he blindfolded her, as a game, and told her that what he was putting in her mouth was candy.  NICHOLAS WILLIAM SOTO claimed that he only put his penis in the minor child's mouth for a short time.  NICHOLAS WILLIAM SOTO claimed that this was the only time that he has had sexual contact with any minor.

Finally, a media card was found in NICHOLAS WILLIAM SOTO's computer.  Both the computer and media card were seized pursuant to the search warrant. Forensic review of the media card revealed the child pornography image described above, as well as other child pornography images involving the display of the genitalia of one of the female victims noted above, on the media card.

ECF No. 45 at 5-8.  The procedural history and additional facts of this case are also set forth in the Presentence Investigation Report ("PSR").  ECF No. 58, ¶¶ 1–15.

## II.  GUIDELINE BASE OFFENSE LEVEL AND ENHANCEMENTS

The PSR includes a calculation of the Defendant's offense level, criminal history, and resulting range of imprisonment under the United States Sentencing Guidelines ("USSG").  ECF No. 58, ¶¶ 19-44; 85.  Pursuant to the PSR, the Defendant's adjusted base offense level is 39 and his criminal history category is I. ECF No. 58, ¶ 85.  The United States agrees with the calculations in the PSR and has no objections to the PSR.  Based on the calculations in the PSR, the Defendant

United States' Sentencing Memorandum – 4

faces an advisory sentencing range under the USSG of 262 to 327 months incarceration and 5 year to lifetime term of supervised release. ECF No. 58, ¶ 85. The United States agreed, however, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to recommend a sentence of incarceration no higher than 240 months.

### III.  <u>GUIDELINE DEPARTURES</u>

In the United States' view, there are no upward or downward departures that apply in this matter under the USSG. As previously noted, however, pursuant to Rule 11(c)(1)(C) the United States agreed to recommend a sentence of incarceration no higher than 240 months. The United States sentencing recommendation is informed by the Defendant's agreement pursuant to the Plea Agreement to plead guilty to charges of Rape of a Child in the First Degree in Superior Court. ECF No. 45 at 3. The United States understands that the Defendant will be charged with the state offense prior to the sentencing hearing in this matter.

### IV.  <u>STATUTORY SENTENCING FACTORS</u>

In <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005), the Supreme Court excised the provisions that made the Guidelines mandatory, and thus "made the Guidelines effectively advisory." As modified, the Sentencing Reform Act now "requires a sentencing court to consider Guideline ranges, see 18 U.S.C. § 3553(a)(4), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." <u>Id</u>. Further, "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. <u>Id</u>. at 264; <u>See</u> 18 U.S.C. § 3553(a)(4)(5). "[T]he Act nonetheless requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deference, [and] protect the public...." <u>Id</u>. at 260; <u>See</u> 18 U.S.C. § 3553(a)(2). In

United States' Sentencing Memorandum – 5

United States v. Zavala, 443 F.3d 1165 (9th Cir. 2006), the Ninth Circuit reiterated that the sentencing guidelines are the starting point for a district court in determining a reasonable sentence. Id. at 1169. A district court, however, must not accord more weight to the guidelines than the other §3553(a) factors. Id. at 1171.

Here, based on the facts set forth in the Plea Agreement and the PSR, the sentencing factors under 18 U.S.C. § 3553(a), and the analysis and discussion herein, the United States believes that a sentence of incarceration of 240 months, a lifetime term of supervised release with all terms and conditions noted in the PSR, and a special assessment of $100 is an appropriate sentence. The United States leaves the imposition of an appropriate fine, if any, to the sound discretion of the Court. The United States is also unaware of any request for restitution. The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established USSG sentencing ranges; (5) any pertinent USSG policy statements; (6) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a)(1)-(7). Each sentencing factor is addressed in turn below:

### A.    Nature and Circumstances of the Offense and History and Characteristics of the Defendant:

The nature and circumstances of the Defendant's offense is detailed in the Plea Agreement, in the discussions above, and in the PSR. The Defendant's offense was horrific and requires a substantial sentence. The Defendant's criminal history and characteristics are also detailed in the PSR. The Defendant's has no

criminal history and the Defendant's characteristics and history demonstrate some significant challenges to include sexual abuse, several head injuries, and a less than ideal home life.  In the United States' view, a sentence of 240 months incarceration is an appropriate sentence given the nature and circumstances of the offense and the characteristics of the Defendant.

> **B.**    **Need for the Sentence to Reflect the Seriousness of the Offense, Afford Deterrence, Protect the Public, and Rehabilitate the Defendant:**

A sentence of 240 moths incarceration will also reflect the seriousness of the offense and afford deterrence.  Again, the Defendant's offense was horrific and a significant sentence of incarceration is necessary to protect the public and provide deterrence.  As to whether the Defendant will benefit from any educational and vocational training offered to him by the Bureau of Prisons while incarcerated, only the Defendant and time can answer that question.

> **C.**    **Kinds of Sentences Available:**

Based on the Defendant's criminal history and adjusted offense level and statute, only a sentence of substantial incarceration is appropriate.  The mandatory minimum sentence required for the Defendant's offense is 180 months incarceration.

> **D.**    **Sentencing Ranges Available:**

The maximum penalty for the Defendant's offense is a term of up to 30 years imprisonment; a fine not to exceed $250,000; a lifetime term of supervised release; restitution; and a $100.00 special penalty assessment.  The advisory USSG suggest a sentencing range of 262 to 327 months incarceration and a 5 to lifetime term of supervised release, as well as restitution.

United States' Sentencing Memorandum – 7

### E.    Pertinent Policy Statements:

The United States does not believe any particular Policy Statements have special applicability to the instant case.

### F.    Need to Avoid Sentence Disparity:

As discussed herein, the United States believes a sentence of incarceration of 240 months and a term of lifetime supervised release is an appropriate sentence that would avoid disparity.

### G.    Restitution:

The United States leaves the question of restitution to the sound discretion of the Court.  The United States is unaware of any restitution requests.

## V. GOVERNMENT SENTENCING RECOMMENDATION

Based on the foregoing, the United States respectfully requests that the Court impose the following sentence:

- A sentence of imprisonment of 240 months;
- A term of lifetime supervised release with all of the standard and special conditions noted in the PSR;
- A $100 special assessment; and,
- A fine as the Court sees fit.

Respectfully submitted, this 19th day of April, 2015.

MICHAEL C. ORMSBY
United States Attorney


*s/ James A. Goeke*
James A. Goeke
Assistant United States Attorney

United States' Sentencing Memorandum – 8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert Cossey
920 North Monroe Street
Spokane, WA 99201

*s/ James A. Goeke*
James A. Goeke
Assistant United States Attorney

United States' Sentencing Memorandum – 9